UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GOLLES,

    Plaintiff,

v.                                                              Case No. 23-10633

FIVE STAR STORE IT, LLC, *et al.*,              Sean F. Cox
                                                                United States District Court Judge
    Defendants.
_____/

## OPINION & ORDER DENYING
## DEFENDANT'S MOTION TO STRIKE AND DISMISS

Plaintiff filed this employment discrimination action against his former employer, alleging that he was placed on unpaid leave, and then terminated, in violation of the Americans with Disabilities Act and Michigan's Persons with Disabilities Civil Rights Act. The matter is before the Court on Defendants' Motion to Strike and Dismiss, brought pursuant to Fed. Civ. P. 12(b)(6) and (f). The parties have briefed the issues and the Court concludes that a hearing is not necessary. L.R. 7.1(f). For the reasons set forth below, the Court DENIES the motion.

### BACKGROUND

Plaintiff David Golles filed this action on March 17, 2023, asserting claims against Defendants Five Star Store It, LLC and Five Star Store It Corporate, LLC and three individual Defendants who have since been dismissed.

After Defendants filed a Motion to Dismiss on April 20, 2023, this Court issued its standard order, giving Plaintiff the choice of either filing an amended complaint or responding to the motion. Plaintiff elected to file an amended complaint, that was filed on May 15, 2023.

1

Plaintiff's First Amended Complaint is now the operative pleading.  In it, Plaintiff asserts the following counts: 1) "Violation of the Americans with Disabilities Act As Amended" (Count I); and 2) "Violations of the Persons with Disabilities Civil Rights Act" (Count II).

In support of those claims, Plaintiff alleges as follows.  Plaintiff began working for Defendants in 2016.  Plaintiff worked as a property manager.  He received two promotions while working for Defendants, ending as District Manager, overseeing multiple self-storage facility sites.  (Am. Compl. at ¶¶ 7-8).

In January of 2021, Plaintiff began treatment for a newly diagnosed heart condition.  He took two weeks of sick leave for his recovery and that leave "was known to Defendants and approved."  (*Id*. at ¶ 9).  Plaintiff alleges that his "heart condition qualifies as a disability as defined by the Americans with Disabilities Act as Amended and/or Plaintiff was perceived as having a disability as defined by" the ADA.  (Am. Compl. at ¶ 10).

"At the end of his leave, Plaintiff was taking new medications, was able to perform his job duties, and was cleared by his doctor to work on January 23, 2021 with no restrictions."  (Am. Compl. at ¶ 11).  Plaintiff attached, as Exhibit 1 to his First Amended Complaint, that letter.  (ECF No. 9 at PageID.260).  Plaintiff alleges that he "could perform the essential functions of his position without the need for accommodation" and that he "was not restricted from driving and could drive."  (Am. Compl. at ¶ 11).

"Despite Plaintiff's assurances that he was fit for duty, Defendants' agent Bernard Manies expressed concern about Plaintiff's physical condition and ability to do his job with comments such as, 'How can you do your job with swollen feet?'" (Am. Compl. at ¶ 12).

"Although Plaintiff was willing and able to return to work with no medical restrictions,

on January 20, 2021, Defendant Five Star required that Plaintiff go on an extended unpaid leave. Defendants' Operations Manager Beth Staudt admitted via affidavit that Plaintiff told her he was fit to return to duty, had a letter from his doctor supporting that he could return to work but she substituted her opinion for that of his doctors and felt he could not return to work and told Plaintiff that 'corporate wanted him to take at least 4 months off unpaid.'" (Am. Compl. at ¶ 13).

Plaintiff attached an affidavit from Staudt as Exhibit 2 to his First Amended Complaint. It includes the following:

15. That I spoke with David twice around January 20, 2021 to discuss his employment with Five Star, that I told him that Corporate wanted him to take at least 4 months off unpaid and after those 4 months, the situation would be re-evaluated. . . .

16. That David told me he had a letter from his Doctor at the Hospital saying he could return to work on January 23, 2021 and that he did not want to take 4 months off.

17. That in my opinion, there was no way at that point in time that David could perform his duties as District Manager. . . .

18. That on or about January 25, 2021, I spoke with David and told him he was officially on a 4-month unpaid leave.

(Staudt Aff. at ¶¶ 15-18).

Plaintiff alleges that Defendants' conduct violated both the ADA and Michigan's PWDCRA:

14. Staudt's affidavit demonstrates that she unilaterally determined that Plaintiff could not return to work based on her perceptions of his medical conditions. Plaintiff told Staudt he had a note from his doctor that he could return to work, but she substituted her 'opinion' about his medical condition for that of his medical professionals and refused to allow him to return to his position. **Ex. 2**.

3

15. Staudt's perceptions of Plaintiff's medical condition were not based upon the opinion of his doctors or actual abilities. Staudt did not engage in the interactive process as required by the ADA to determine if Plaintiff could perform the essential functions of his position or needed or required accommodation, instead she illegally restricted him from working based upon her opinion or perceptions of his abilities.

16. As a threshold matter, "[t]he ADA mandates an individualized inquiry in determining whether an [applicant's] disability or other condition disqualifies him from a particular position." *Holiday v. City of Chattanooga*, 206 F.3d 637, 643 6th Cir. Mich. 2013). A proper evaluation involves consideration of the applicant's personal characteristics, his actual medical condition, and the effect, if any, the condition may have on his ability to perform the job in question. *Id*. Here, the Plaintiff's presented his employer with his doctor's statement that his medical condition would not have any effect on his ability to do his job. Defendants admit via the Staudt affidavit and its pleadings in this matter ("When it became apparent to Five Star that Golles was unable to perform the essential functions of the position of District Manager" ECF No. 6, PAGE ID 138) that they restricted Plaintiff from working *because of* his medical condition, meaning the Defendants' employment action against the Plaintiff was directly motived by prejudice against him based on his medical condition. This is direct evidence of a violation of the ADA. *See Martinez v. Cracker Barrel Old Country Store*, Inc., 703 F.3d 911, 915 (6th Cir. 2013) (quoting *Johnson v Kroger Co.,* 319 F.3d 858, 865 (6th Cir. 2003).

17. Further, Defendants perceived Plaintiff as being disabled and refused to allow him to do his job. Perceiving someone as disabled violates the ADA. Plaintiff has been subjected to an action prohibited under the ADA because of his *perceived* physical or mental impairment, that is, what the Defendants perceived to be his limitations based upon his feedback about the care he received at the hospital and was regarded as disabled by the Defendants.

18. Defendants made its decision not to allow Plaintiff to continue to work because they believed that the recent care he received at the hospital rendered him unable to work, that is Defendants took in his perceived disabilities which shows that Defendants regarded him as disabled in violation of the ADA.

19. Because Defendants would not allow Plaintiff to return to work, he was forced to go on leave as required by the Defendants. The requirement that Plaintiff go on unpaid leave was adverse action causing him a loss of pay,

            benefits, and ultimately his position as District Manager and then his position with Defendants.

20. In early May of 2021, Plaintiff contacted Five Star to discuss his return to work. Defendant told Plaintiff that they would not give him his job as a district manager back. Defendant offered Plaintiff a lower paying position as manager of a single site in Kalamazoo. This position would have required Plaintiff to relocate several hours form his current home, receive lower pay and less authority than his position as District Manager. Because this was an adverse action Plaintiff refused this offer.

21. After Plaintiff was denied the opportunity to return to work, terminated from his position as District Manager and refused to accept a demotion, Defendant officially terminated Plaintiff's employment via letter on May 21, 2021, stating "We would be happy to provide you with a letter of recommendation in the future if you need it."

22. Plaintiff was illegally terminated from Defendants in violation of the Americans with Disabilities Act as amended and the Persons with Disabilities Civil
Rights Act.

(Am. Compl. at 14-22).

## STANDARD OF DECISION

Defendants state that their "Motion To Strike and to Dismiss" is brought pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). But the sole statement of the issue presented is whether Plaintiff has failed to state a claim upon which relief may be granted. (Defs.' Br. at iii)

Fed. R. Civ. P. 12(f) is titled "Motion to Strike" and provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* When assessing the sufficiency of a plaintiff's claim, this Court must accept the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 664, 129 S.Ct. 1937.

When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus, in reviewing the pending motion, this Court may consider the two exhibits attached to Plaintiff's First Amended Complaint (the return-to-work letter from Plaintiff's doctor and the Staudt Affidavit).

## ANALYSIS

**I.     Motion To Strike**

To the extent that Defendants ask the Court to "strike" Plaintiff's First Amended Complaint, the Court denies that request. Defendants' motion states that a court "may dismiss a pleading as 'false and sham'" under Fed. R. Civ. P. 12(f). But they fail to explain why the Court should do that here. Defendants suggest that the amended complaint contradicted a former

position taken by Plaintiff but provide no explanation, as least not in the section of their brief that addresses the motion to strike.

In a later section of the motion, and in their reply brief, Defendants suggest that Plaintiff "contradicted" his original complaint when he added an allegation that he was capable of driving in his First Amended Complaint. (Defs.' Br. at 16; Reply Br. at 6). The Court rejects this argument. Defendants may disagree as to whether Plaintiff was able to drive, but that his first complaint did not contain factual allegations as to whether or not he could drive does not contradict a later, additional, allegation that he could drive.

## II.     Motion To Dismiss

The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability." *Wallace v. Edward W. Sparrow Hosp. Assoc.*, 782 F. App'x 395, 403-04 (6th Cir. 2019) (citing 42 U.S.C. § 12112(a)). An individual who is "regarded as" disabled meets the statutory definition of disabled. 42 U.S.C. § 12101(1)(C). Michigan's PWDCRA substantially mirrors the ADA. *Id*.

Here, in his First Amended Complaint, Plaintiff asserts that Defendants required him to go on unpaid leave, and later terminated his employment, in violation of the ADA and Michigan's PWDCRA. Plaintiff asserts both actual and regarded-as disability discrimination claims against Defendants.

Defendants contend that the Court should dismiss Plaintiff's First Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has not alleged a prima facie case of disability discrimination, as to either an actual or regarded-as disability. (Defs.' Br. at 7, asserting that Plaintiff "fails to state a plausible prima facie case for disability discrimination.")

To establish a prima facie case of disability discrimination, a plaintiff must show that (1) he is disabled or his employer regarded him as disabled, (2) he is otherwise qualified to perform the essential functions of a position, with or without accommodation, and (3) he suffered an adverse employment action because of his disability. *Wallace*, 782 F. App'x at 404. Here, Defendants' motion asserts that Plaintiff's First Amended Complaint lacks sufficient factual allegations to state a claim based upon an actual disability and based upon being regarded as disabled.

The Court rejects Defendants' challenge. That is because a plaintiff "need not" "allege facts establishing a prima facie of disability discrimination to survive a motion to dismiss under Rule 12(b)(6)." *Morgan v. St. Francis Hosp.*, 2019 WL 5432041 at * 1 (6th Cir. 2019) (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510-12 (2002)). In *Swierkiewicz*, the Supreme Court resolved "the question of whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the [*McDonnell Douglas*] framework." *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012). The Supreme Court "answered in the negative and explained that '[t]he prima face case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Id.* And *Swierkiewicz* remains good law after the Supreme Court's decision in *Twombly*. *Serrano*, 699 F.3d at 897.

Thus, a "complaint attacked by a motion to dismiss requires more than labels, conclusions, and a recitation of a cause of action, but it need not contain detailed factual allegations." (*Morgan, supra*)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff "need only 'give'"

Defendants "fair notice of what her claims are and the grounds upon which they rest. *Morgan, supra* (quoting *Swierkiewicz, supra*).

Here, the record includes sufficient facts and allegations, accepted as true and construed liberally, to state a claim under the ADA and Michigan's PWDCRA, that Defendants required Plaintiff to take unpaid leave and then terminated his employment because of either an actual disability or because Defendants regarded Plaintiff as disabled. Plaintiff alleges that he has an actual disability, an unspecified heart condition. But as Defendants recognize, his alternative regarded-as disabled claim appears to be the real focus of Plaintiff's complaint. Plaintiff alleges that Defendants regarded him as disabled, even after his doctor cleared him to return to work without restrictions, and refused to allow him to perform his job. Plaintiff alleges that Defendants required him to take four months unpaid leave, based upon Staudt's own assessment of Plaintiff, and further alleges that his employment was later terminated on that same basis. The Court denies Defendants' Motion to Dismiss. *Morgan, supra; see also Lott v. Knox Cnty., Tennessee*, 2021 WL 6496383 (E.D. Tenn. 2021) (Denying motion to dismiss, based upon *Morgan* and *Swierkiewicz*, and explaining that it would be inappropriate to require the plaintiff to establish a prima facie case at the pleading stage); *Suarez v. Covenant House of Michigan,* 2014 WL 1048197 (E.D. Mich. 2014) (Rejecting Fed. R. Civ. P. 12(b)(6) challenges to ADA and PWDCRA claims on this same basis); *Benick v. Morrow Cnty. Health Dist.*, 2020 WL 3045783 (S.D. Ohio 2020); *Swartz v. Asurion*, 2021 WL 2073747 (M.D. Tenn. 2021); *Kinney v. McDonough*, 2022 WL 223633 at *6-7 (6th Cir. 2022) (District court impermissibly applied what amounted to a heightened pleading standard by requiring the plaintiff to plead a prima facie case of discrimination at the pleading stage). Defendants challenges to Plaintiff's ability to

establish a prima face of disability discrimination should be brought in the context of a summary judgment motion.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Strike or Dismiss is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: September 8, 2023